## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEADRILL LIMITED, *et al.*,[1] | ) Case No. 17-60079 (DRJ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) (Emergency Hearing Requested) |

### DEBTORS' <u>EMERGENCY</u> MOTION
### FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
### DEBTORS TO FILE A CONSOLIDATED LIST OF CREDITORS
### AND A CONSOLIDATED LIST OF THE 50 LARGEST UNSECURED
### CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN
### PERSONAL IDENTIFICATION INFORMATION, (III) APPROVING THE FORM
### AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT
### OF THESE CHAPTER 11 CASES, AND (IV) GRANTING RELATED RELIEF

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER ON SEPTEMBER 13, 2017, AT 2:45 P.M. (CT) BEFORE THE HONORABLE DAVID R. JONES, 515 RUSK STREET, COURTROOM 400, HOUSTON, TX, 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1]  Due to the large number of Debtors in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/Seadrill. The location of Debtor Seadrill Americas, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 11025 Equity Drive, Suite 150, Houston, Texas 75201.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"): [2]

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to file a consolidated creditor matrix and list of the 50 largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor, (b) authorizing the Debtors to redact certain personal identification information, and (c) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order").  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[2]      The facts and circumstances supporting this Motion are set forth in the *Declaration of Mark Morris, Chief Financial Officer of Seadrill Management Ltd., in Support of the Chapter 11 Petitions and First Day Motions* (the "Morris Declaration") and the *Declaration of Edgar W. Mosley II, Managing Director of Alvarez & Marsal, in Support of the Chapter 11 Petitions and First Day Motions* (together with the Morris Declaration, the "First Day Declarations"), filed contemporaneously herewith and incorporated by reference herein.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 107(b), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007 and 6003, and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

## Background

5.      Seadrill Limited, together with its Debtor and managed non-Debtor affiliates, is a leading offshore drilling company for the oil and gas industry with more than 4,780 employees and active operations in 22 countries worldwide.  The Debtors' primary business is the provision of offshore drilling services required for the exploration and production of oil and gas resources in shallow-, mid-, deep-, and ultra-deepwater areas, and in benign and harsh environments offshore.  The Debtors and their managed non-Debtor affiliates own or lease a fleet of 51 rigs, including 27 floaters (drillships or semi-submersibles), 21 jack-ups and 3 tender rigs.  A significant portion of the Debtors' fleet is operational and under contract with major oil companies like Exxon Mobil, Statoil, Total, and Petróleo Brasileiro S.A.  The Debtors are headquartered in Hamilton, Bermuda, with corporate services provided from offices located in the United States (Houston, Texas), the United Kingdom, Dubai, Norway, Mexico, and Brazil. They also have significant assets and operations across the United States, Europe, Asia, the Middle East, Africa, and North and South America.  Seadrill Limited, together with its Debtor affiliates and managed non-Debtor affiliates, reported approximately $3.2 billion of EBITDA on operating revenues of approximately $5.1 billion for 2016.  As of the date hereof (the "Petition Date"), the funded debt obligations of Seadrill Limited and its Debtor affiliates and managed non-Debtor affiliates totaled $13.4 billion, while the Debtors' funded debt obligations totaled approximately $8.0 billion.

6.      As set forth in the Morris Declaration, over the course of the past three years, the Debtors' businesses have been affected by a sustained downturn in the oil and gas industry.  In response, the Debtors negotiated and commenced these chapter 11 cases to implement a series of restructuring transactions, set forth in that certain restructuring support agreement, dated September 12, 2017, (the "Restructuring Support Agreement"), that will: (a) re-profile the Debtors' secured funded debt obligations to eliminate near-term amortization obligations and extend maturities; (b) reduce overall leverage through equitizing the Debtors' unsecured bonds; (c) result in a $1.06 billion new capital injection; and (d) reorganize the Seadrill corporate structure to support the re-profiled secured credit facilities and new capital injection.

7.      Importantly, the restructuring contemplated by the Restructuring Support Agreement is financial in nature and not operational.  The Debtors' obligations to their employees, customers, and trade vendors will be largely unaffected by these chapter 11 proceedings.  The Restructuring Support Agreement is a significant achievement for the Debtors in the face of unprecedented commodity price declines and sustained, depressed operating conditions.  Given the Debtors' core strengths, including their modern fleet, highly-skilled workforce, global reach, and successful operating and safety track record, the Debtors are confident they can efficiently implement the restructuring set forth in the Restructuring Support Agreement and not only weather the industry storm, but succeed upon emergence from these chapter 11 cases.

8.      In addition to its wholly-owned and majority-owned subsidiaries, Seadrill Limited owns non-majority interests in four other offshore drilling and services companies (collectively, and together with their respective subsidiaries the "Non-Consolidated Entities").  The Non-Consolidated Entities (which are not Debtors in these chapter 11 cases) are: (a) Seadrill

Partners LLC, a publicly-traded Marshall Islands limited liability company that owns eleven offshore drilling rigs; (b) SeaMex Limited, a 50-50 joint venture between Seadrill Limited and Fintech Advisory Inc. that owns five high-specification jack-up rigs in the Gulf of Mexico; (c) Seabras Sapura, a 50-50 joint venture between Seadrill Limited and Sapura Energy Berhad (f/k/a SapuraKencana Petroleum Berhad) that operates five pipe-laying service vessels and one platform service vessel off the coast of Brazil; and (d) Archer Limited, a publicly-traded Bermuda exempted company that specializes in global drilling and well services.

9.      Seadrill Limited historically guaranteed certain of the Non-Consolidated Entities' funded-debt obligations.  As part of the extensive negotiations leading up to these chapter 11 cases, the Debtors have executed a series of transactions to ring-fence the Non-Consolidated Entities from a Seadrill Limited chapter 11 filing.  As discussed in detail in the Morris Declaration, the Debtors anticipate that the Non-Consolidated Entity groups will be largely unaffected by these chapter 11 cases.  The relief requested herein applies solely to the Debtors except where specifically noted otherwise.  As further detailed herein, the relief requested that relates to the Non-Consolidated Entities is intended to allow the Debtors to continue their ongoing operating relationships with the Non-Consolidated Entities, which will preserve and maximize the going concern value of Seadrill Limited's interests in the Non-Consolidated Entities for the benefit of all stakeholders.

10.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to

Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## I.      Consolidated Creditor Matrix.

11.      Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H." Fed. R. Bankr. P. 1007(a)(1).  Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy in the Southern District of Texas under the *General Order in the Matter of Procedures for Complex Chapter 11 Cases*, Exhibit G, for cases involving more than one debtor, the debtors may file a consolidated creditor matrix.  Here, the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome.  Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors for all of the Debtors (the "Creditor Matrix").

## II.     Consolidated List of the 50 Largest General Unsecured Creditors.

12.      Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders."  Fed. R. Bankr. P. 1007(d).  Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors (the "Top 50 List").  The Top 50 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.  Although they reserve the right to do so in the future, in this Motion, the Debtors are not requesting authority to file consolidated schedules of assets and liabilities and statements of financial affairs or substantively consolidate the Debtors.[3]

---

[3]      Pursuant to the *Debtors' Emergency Motion for Entry of an Order (I) Extending Time to File Schedules of*
(Continued)

### III.    Redaction of Certain Confidential Information.

13.    Section 107(c)(1) of the Bankruptcy Code provides that:

> the bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or or other unlawful injury to the individual or the individual's property:

> (A) [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].

> (B) [o]ther information contained in a paper described in subparagraph (A).

Certain of the Debtors' creditors, particularly certain employees, are located in the United Kingdom, which closely regulates the disclosure of personal information.  Specifically, the Data Protection Act of 1998 (the "DPA"), an English statute, imposes significant constraints on the disclosure of "personally identifiable information," with severe penalties for violations of the Act.  If an organization is found to be in breach of the DPA, the organization may be fined up to £500,000 and be required to take particular action to ensure compliance with the DPA.

14.    Section 107(b) of the Bankruptcy Code provides that:

> on request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information…

Disclosure of certain information regarding the Debtors' customers, including information related to dayrates and contract counterparties, is highly commercially sensitive.  Indeed, several

---

*(A) Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, (D) Statements of Financial Affairs, and (E) Rule 2015.3 Financial Reports; (II) Waiving the Requirement to File a List of Equity Security Holders and (III) Granting Related Relief, filed contemporaneously herewith, the Debtors are requesting an extension of the time within which they must file their respective schedules and statements.*

of the Debtors' drilling contracts contain confidentiality clauses barring disclosure of any information or data obtained through the Debtors' performance of services.  Disclosure of this information could endanger relationships with the Debtors' customers and result in losses to the Debtors' customer base, which would be value destructive for all parties in interest.

15.    Courts in this jurisdiction have granted the relief requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re GenOn Energy, Inc.*, No. 17-33695 (DRJ) (Bankr. S.D. Tex. June 15, 2017) (authorizing the debtors to redact certain personal information of individual creditors); *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. July 21, 2016) (same); *In re SandRidge Energy LLC*, No. 16-32488 (DRJ) (Bankr. S.D. Tex. May 18, 2016) (same); *In re Linn Energy LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. May 13, 2016) (same); *In re Energy XXI Ltd.*, No. 16-31928 (MI) (Bankr. S.D. Tex. Apr. 15, 2016) (same); *In re Sherwin Alumina Co.*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Jan. 12, 2016) (same).[4]

16.    For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors—many of whom are the Debtors' employees and customers—and interest holders from the Creditor Matrix because such information could be used to perpetrate identity theft or unlawful injury to an individual, jeopardize essential commercial relationships with the Debtors' customer base, and may result in violation of the applicable data privacy laws governing the use of information outside the United States.

## IV.    Service of the Notice of Commencement.

17.    Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other

---

[4]    Because of the voluminous nature of these orders, such orders have not been attached to this Motion.  Copies of these orders are available upon request to the Debtors' proposed counsel.

person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. Fed. R. Bankr. P. 2002(f).

18. Through Prime Clerk LLC, the Debtors' proposed claims, noticing, solicitation, and administrative agent, the Debtors propose to serve the Notice of Commencement, substantially in the form attached hereto as **Exhibit 1** to **Exhibit A** (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the single Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted.

19. Due to the international nature of the Debtors' businesses, many parties in interest in these chapter 11 cases are located outside the United States and may not speak English or have an understanding of the chapter 11 process. Recognizing the importance of properly noticing these parties and providing them with due process to the greatest extent possible, the Debtors have carefully reviewed their parties-in-interest list to determine the number of creditors and other notice parties by country. In order to make critical documents available to parties in their native language, the Debtors have arranged for the notice of commencement and certain first day motions to be translated into Norwegian and Portuguese and made available free of charge on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/Seadrill. The Debtors have also sent translated letters to

9

approximately 6,000 vendors, customers, and other parties in interest to provide basic information regarding these chapter 11 cases.  During the solicitation process, the Debtors also plan to provide a translated cover letters, ballots, and the text of the Plan's release provisions in Norwegian, Portuguese, and other languages, as appropriate, to parties entitled to vote on the Debtors' Plan of Reorganization.

### Emergency Consideration

20.     Pursuant to Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date.  The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

### Notice

21.     Notice of the hearing on the relief requested in the Motion has been provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances. Without limiting the forgoing, due notice was afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including (a) the Office of the United States Trustee for the Southern District of Texas; (b) entities listed as holding the 50 largest unsecured claims against the Debtors (on a

consolidated basis); (c) the agents for each of the Debtors' secured credit facilities; (d) the Committee of Coordinators appointed under and as defined in that certain appointment letter dated April 20, 2016, among Seadrill Limited and each member thereof, as amended, restated, supplemented, or otherwise modified from time to time (the "Bank CoCom"); (e) the indenture trustee for each of the Debtors' unsecured notes; (f) the commitment parties under that certain Investment Agreement dated September 12, 2017, among Seadrill Limited and the commitment parties thereto (the "Commitment Parties"); (g) counsel to the parties referenced in clauses (c) to (f); (h) the Office of the United States Attorney for the Southern District of Texas; (i) the state attorneys general for states in which the Debtors conduct business; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; (l) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Victoria, Texas
September 12, 2017

/s/ *Jennifer F. Wertz*

**JACKSON WALKER L.L.P.**
Patricia B. Tomasco (TX Bar No. 01797600)
Matthew D. Cavenaugh (TX Bar No. 24062656)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    (713) 752-4284
Facsimile:    (713) 308-4184
Email:         ptomasco@jw.com
                mcavenaugh@jw.com


-and-

Jennifer F. Wertz (TX Bar No. 24072822)
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone:    (512) 236-2247
Facsimile:    (512) 391-2147
Email:         jwertz@jw.com

-and-

Rachel Biblo Block (TX Bar No. 24097382)
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone:    (214) 953-6070
Facsimile:    (214) 661-6810
Email:         rblock@jw.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anna G. Rotman, P.C. (TX Bar No. 24099361)
Brian E. Schartz (TX Bar No. 24046761)
609 Main Street
Houston, Texas 77002
Telephone:    (713) 836-3600
Facsimile:    (713) 836-3601
Email:         anna.rotman@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C.
(*pro hac* vice admission pending)
Anup Sathy, P.C. (*pro hac* vice admission pending)
Ross M. Kwasteniet, P.C. (*pro hac* vice admission pending)
Adam C. Paul (*pro hac* vice admission pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:         james.sprayregen@kirkland.com
                anup.sathy@kirkland.com
                ross.kwasteniet@kirkland.com
                adam.paul@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

## **<u>Certificate of Service</u>**

I certify that on September 12, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/* Jennifer F. Wertz

Jennifer F. Wertz