IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL LIMITED, *et al.*,[1] | ) | Case No. 17-60079 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 200** |

ORDER PURSUANT TO
SECTION 327(E) OF THE BANKRUPTCY
CODE AUTHORIZING AND APPROVING
EMPLOYMENT AND RETENTION OF CONYERS
DILL & PEARMAN LIMITED AS SPECIAL COUNSEL
FOR THE DEBTORS EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the retention and employment of Conyers Dill & Pearman Limited ("Conyers") as special counsel for the Debtors, effective *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions of those certain engagement letters, dated as of February 26, 2016 and July 7, 2017 (together, the "Engagement Letter"), annexed as **Exhibit 1** to the Order; and (b) granting related relief, all as more fully set forth in the Application; and upon the Mayor Declaration and the Edwards Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this

---

[1] Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/Seadrill. The location of Debtor Seadrill Americas, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 11025 Equity Drive, Suite 150, Houston, Texas 75201.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application.

proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtors are authorized to employ Conyers as special counsel in accordance with section 327(e) of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules on the terms and conditions set forth in the Engagement Letter, *nunc pro tunc* to the Petition Date.

3. Conyers shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Conyers also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosure as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013*, both in connection with

the Application and the interim and final fee applications to be filed by Conyers in these chapter 11 cases.

4. Prior to any increases in Conyers' rates with respect to this Order and the Application, Conyers shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

5. Conyers is hereby authorized to keep reasonably detailed time records in one-tenth (0.1) hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the amount of compensation requested.

6. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, Conyers will maintain the retainer until the conclusion of its representation of the Debtors, at which time Conyers will apply the retainer to its final invoices or otherwise return the funds.

7. Notwithstanding anything to the contrary in the Engagement Letter, Conyers shall not withdraw as Debtor's special counsel prior to the effective date of any chapter 11 plan confirmed in these chapter 11 cases without prior approval of the Court.

8. Notice of the Application as provided herein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Victoria, Texas
Dated: _____, 2017

THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Engagement Letter**

Clarendon House, 2 Church Street
PO Box HM 666
Hamilton HM CX, Bermuda
Tel: +1 (441) 295 1422
Fax: +1 (441) 292 4720
conyersdill.com

BERMUDA
BRITISH VIRGIN ISLANDS
CAYMAN ISLANDS
CYPRUS
DUBAI
HONG KONG
LONDON
MAURITIUS
MOSCOW
SÃO PAULO
SINGAPORE



# Conyers Dill & Pearman

26 February 2016

Matter No. 999991
Doc Ref: 1089559

299 4933
david.cooke@conyersdill.com

Seadrill Limited
Par-la-Ville Place
4th Floor
14 Par-la-Ville Road
Hamilton  HM 08

Attn: Christopher Edwards

Dear Sirs,

**Re: Seadrill Group (the "Client") – Financial Restructuring**

We refer to our recent conversations concerning the above. The purpose of this letter is to confirm our understanding of the matter and the nature of the instructions. A schedule of the terms and conditions upon which Conyers Dill & Pearman Limited ("Conyers") will act is attached for your reference.

**The Matter**
We understand that the Client is in the process of analysing various options for a financial restructuring. These options could include negotiated contractual amendments, court sanctioned restructuring procedings or a combination of the two.

**Fees**
A description of Conyers' billing policy is set out in the attached schedule. Unfortunately, given the general nature of the instructions at this stage, it is difficult to provide a meaningful estimate of fees. Our lawyers' hourly rates range between $300 and $890. The hourly rates for Robin Mayor and David Cooke are $800 and $890, respectively. We will, as discussed, endeavour to bill on a monthly basis in order to keep you informed of fee levels. Please kindly note the standard terms and conditions pertaining to Conyers' fees and disbursements generally. It is customary to request a retainer as time and out of pocket

Legal – 10895559.1

costs begin to accrue. In light of the foregoing estimate of fees, the amount of the retainer Conyers would request is $75,000; however, we would be happy to discuss this if it is problematic. We attach wiring instructions for the forwarding of the requested retainer.

Your continuing instructions in this matter will indicate your acceptance of these terms of engagement.

Information on Conyers, Bermuda companies and various legal topics is available on our website: www.conyersdill.com. We look forward to working with you. Of course, please do not hesitate to contact the undersigned with any further questions or comments you may have.

Yours faithfully,
**Conyers Dill & Pearman Limited**

David W. P. Cooke

Encl.