

ENTERED
12/19/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 17-60079 |
| SEADRILL LIMITED, *et al.*, | § | CHAPTER 11 |
| | § | Jointly Administered |
| Debtors. | § | DAVID R. JONES |

### MEMORANDUM OPINION
(Docket Nos. 1630 and 1635)

Seadrill Limited ("Seadrill") seeks an order barring Chevy Thornton ("Thornton") from continuing to prosecute certain personal injury claims arising out of a pre-petition accident and requiring the immediate dismissal of all pending litigation. Thornton objects to Seadrill's request and asserts that the Court's confirmation order violates his due process. Thornton also seeks authority to file a proof of claim after the bar date based on excusable neglect. Upon consideration of the evidence, the briefs and the arguments of counsel, the Court grants Seadrill's motion and denies Thornton's motion for leave to file a proof of claim as set forth below.

### Relevant Background

In February 2015, Thornton obtained employment as a roustabout with Seadrill [Transcript, p.90, ln.9-17]. On his employment application, Thornton listed 110 Hailey Road, Jena, Louisiana as his mailing address [Transcript, p.91, ln.25 – p.92, ln.1-2]. The Hailey Road address was a parsonage owned by a church at which Thornton's father serves as minister [Transcript, p.92, ln.3-5; p.108, ln.20-25]. At some unidentified point in time, Thornton moved from the Hailey Road address to 125 Warwick, Jena, Louisiana. Thornton admits that he never notified Seadrill of his address change nor did he update his personnel record in accordance with company policy [Transcript, p.92, ln.12-25]; [Transcript p.45, ln.16-25].

On or about March 1, 2017, Thornton suffered a significant job-related back injury [Transcript, p.96, ln.18-21]. In connection with his injury, Thornton received maintenance and cure payments from a third-party medical claims administrator [Transcript, p.65, ln.14-20]. These payments were sent to the 125 Warwick address [Transcript, p.100, ln.1-3]. Thornton also received mileage expense reimbursement checks related to his injury at the 125 Warwick address [Transcript, p.103, ln.3-13].

Seadrill and several affiliates filed voluntary chapter 11 cases on September 12, 2017 [Docket No. 1]. The cases were jointly administered by order entered September 13, 2017 [Docket No. 40].

By order entered October 31, 2017, the Court established January 3, 2018 (the "Bar Date") as the deadline to file proofs of claim in the bankruptcy proceedings (the "Bar Date Order") [Docket No. 365]. The Bar Date applied "to all types of claims against the Debtors that

arose or are deemed to have arisen on or before the Petition Date . . ..” [Docket No. 365]. The Bar Date Order required that the debtors send a notice by first class mail to “all current and former employees (to the extent that contact information for former employees is available in the Debtors' records)” [Docket No. 365]. The notice was required to be mailed to the last known mailing address as reflected in the Debtor's books and records [Docket No. 365]. The Bar Date was also published in the national edition of USA TODAY and the global edition of the FINANCIAL TIMES [Docket No. 738].

The parties agree that notice of the Bar Date was sent to Thornton at the 110 Hailey Road address. Thornton ultimately received the notice sent to the 110 Hailey Road address in late January or early February 2018 [Transcript, p.105, ln.10-16]. Thornton immediately sent the notice to his lawyers [Transcript, p.105, ln.18-19]. Inexplicably, no further action was taken by Thornton or his lawyers.

The Court confirmed the Debtors' Second Amended Plan April 17, 2018 [Docket No. 1181]. The Plan became effective on July 2, 2018 [Docket No. 1387]. The Plan provides for a release and discharge of all pre-petition claims and an injunction prohibiting further litigation of such claims [Docket No. 1169, Art. VIII A. and E.].

In direct violation of the confirmed Plan and approximately nine months after receiving actual notice of the bankruptcy case, Thornton filed a lawsuit under the Jones Act against Seadrill in the United States District Court for the Eastern District of Louisiana on November 7, 2018 seeking unspecified damages (the "Louisiana Lawsuit"). Despite having actual knowledge of Seadrill's bankruptcy case, Thornton failed to inform the District Court of Seadrill's bankruptcy filing and its impact on the Louisiana Lawsuit.

On January 7, 2019, Seadrill filed its motion to enforce the Confirmation Order against Thornton [Docket No. 1630]. In response, Thornton asserted that he was denied due process based on defective notice of the Bar Date [Docket No. 1636]. On February 7, 2019, Thornton filed his motion for leave to file a proof of claim based on excusable neglect [Docket No. 1635].

The Court conducted an evidentiary hearing on May 30, 2019. During opening arguments in response to questioning from the Court, Thornton's counsel stated that the basis of the alleged "excusable neglect" was Thornton's failure to file a change of address form [Transcript p.13, ln.3-14].

### **Jurisdiction**

The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334. This contested matter is a core proceeding arising under Title 11 pursuant to 28 U.S.C. § 157(b). The Court has constitutional authority to enter a final order in this case. *Stern v. Marshall,* 564 U.S. 462 (2011). To the extent necessary, the parties have consented to the entry of a final order by the Court. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015). Further, the Court has inherent authority to enforce its own orders.

**Analysis**

Due process requires that affected parties be given notice that is reasonably calculated under the circumstances to convey all relevant information and allow a reasonable amount of time to respond. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *In re Robintech, Inc.*, 863 F.2d 393, 396 (5th Cir. 1989). The proper inquiry is not whether notice was actually received; but rather, whether notice was reasonably calculated under the circumstances to reach the affected party. *See In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 735-736 (5th Cir. 1995); *Pate v. Tow*, 2018 WL 2426662, at *2 (S.D. Tex. May 29, 2018), *aff'd*, 921 F.3d 566 (5th Cir. 2019). The mailing of a notice to the last known address of the affected party, without more, satisfies this requirement. *Id*. "If the creditor fails to up-date her address and as a consequence does not receive a notice of the bar date that was properly mailed, she cannot later argue that her due process rights were violated." *In re Eagle Bus. Mfg., Inc.*, 62 F.3d at 736 (citing to *In re Nutri*Bevco, Inc.*, 117 B.R. 771, 781 (Bankr. S.D.N.Y. 1990)).

In the present case, Seadrill sent notice of the Bar Date to Thornton at his last known address as reflected in the company's personnel records. While acknowledging that he failed to comply with the company's written policy regarding the update of his mailing address, Thornton argues that Seadrill should have known he had moved based on the address that Thornton provided for medical payments made by a third-party claims administrator. Such an argument ignores the practical. In providing notice to thousands of current and former employees as required by the Bar Date Order, Seadrill looked to the one place that should have reflected the most current last known address—its personnel database. Further, no evidence was provided to that Court that Seadrill had access to the claims administrator's records. Most import, the notice process implemented by Seadrill worked. Thornton received actual notice of the Bar Date, *albeit* after the Bar Date but *prior* to confirmation and the effective date of the plan. A simple pleading or even a letter to the Court would have alerted all to the problem. Instead, Thornton and his representatives ignored the bankruptcy process for over a year and simply proceeded as though no bankruptcy case existed. The Court finds that Thornton more than received due process as he received actual notice that provided ample time for him to assert and protect his rights.

In the alternative, Thornton seeks relief from the Bar Date and requests that he be allowed to file a proof of claim under Bankruptcy Rule 9006(b) for excusable neglect. In evaluating a request under Bankruptcy Rule 9006(b), a court must consider (i) the danger of prejudice to the debtor; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was in the reasonable control of the movant; and (iv) whether the movant acted in good faith. *Pioneer Inv. Services, Co. v. Brunswick Assoc.*, 507 U.S. 380, 395 (1993); *In re Kmart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004).

As an initial matter, Thornton asserts that the excusable neglect in this case was his failure to file a change of address form. The Court disagrees. The failure to file the required change of address form cannot possibly form the basis of excusable neglect for failing to file a timely proof of claim. The two simply have no causal connection. The only possible relevant excusable neglect in this case is Thornton's failure to take any action to assert a timely claim against Seadrill upon learning of the Bar Date.

*Danger of Prejudice to the Debtor*

During the trial, the Court inquired of the parties the range of potential outcomes and the applicability of insurance. The parties do not dispute that the reorganized Seadrill would likely bear sole responsibility for the entirety of any award to Thornton and that such an award could be as high as several million dollars. Neither Seadrill nor its other creditors had the ability to consider such a significant claim during the plan negotiation and voting process. *See In re Bison Bldg. Holdings, Inc.,* Case No. 09-3452, 2012 Bankr. LEXIS 3608, at *8-9 (Bankr. S.D. Tex. Aug. 3, 2013). In addition, Seadrill would be burdened with having to administer the ongoing litigation. Finally, the granting of such relief could open the proverbial flood gate of similar claims and erode the very protections provided by the bankruptcy case. The Court finds that Seadrill would be prejudiced if the requested relief was granted. This factor supports denial of the request.

*Length of Delay*

During the trial, Thornton failed to answer the crucial question of why he waited over 400 days from the time he learned of the Bar Date to seek relief from the Court—especially in view of the fact that Thornton timely proceeded to file a lawsuit in a foreign court in violation of the Bankruptcy Code and the confirmed plan. The Court finds this delay inexplicable. Excusable neglect requires prompt action by the party seeking relief. *In re Kmart Corp.*, F.3d 709, 714-715 (7th Cir. 2004) (finding a negative impact on judicial proceedings where a claimant waited 81 days after the bar date to file a motion under Bankruptcy Rule 9006(b)). Moreover, a motion under Bankruptcy Rule 9006(b) is not meant to provide an avenue to cure an attorney's negligence. *Pioneer Inv. Services, Co. 507 U.S.* at 397. This factor supports denial of the request.

*Whether Delay was in the Reasonable Control of the Movant*

Courts have repeatedly held that fault in the delay is the most important factor in the excusable neglect analysis. *See United States v. Torres,* 372 F.3d 1159, 1163 (10th Cir. 2004); *Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.,* 270 F.3d 1, 5 (1st Cir. 2001); *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 463 (8th Cir. 2000). If an explanation does not exist or is not credible, "both the 'reason for the delay' and the 'length of the delay' factors might weigh in favor of the debtor, even if the delay is quite short." *In re ASARCO, LLC,* No. 05-21207, 2008 Bankr. LEXIS 2723, at *11 (Bankr. S.D. Tex. Oct. 2, 2008). At any time after he received notice of the Bar Date, Thornton could have sought relief from the Court. For unknown reasons, no action was requested. That decision, however, was solely under Thornton's control. This factor supports denial of the request.

*Good Faith*

In evaluating the existence of good faith, a court may consider a creditor's lack of diligence and any indifference to bankruptcy procedures. *See In re ASARCO, LLC*, 2008 Bankr. LEXIS 2723, at *12 (citing *Kmart Corp.,* 381 F.3d at 716, *In re O.W. Hubbell & Sons, Inc.,*180 B.R. 31, 36 (N.D.N.Y. 1995)). In this case, Thornton ignored the bankruptcy process and proceeded to file litigation in a foreign court. Only when Seadrill requested relief did Thornton

acknowledge the bankruptcy.  The Court finds an absence of good faith in Thornton's actions.  This factor supports denial of the request.

## Conclusion

For the reasons set forth above, the Court grants Seadrill's Motion to Enforce Confirmation Order and denies Thornton's Motion for Leave to File Proof of Claim.  A separate order consistent with this memorandum opinion will issue.

**SIGNED: December 19, 2019.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**